UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: July 21, 2022
JUDGE: Pamela Pepper
CASE NO: 2020-cr-190
CASE NAME: United States of America v. Kyle Halgrimson
NATURE OF HEARING: Sentencing
APPEARANCES: Megan Paulson – Attorney for the government
Abbey Marzick – Attorney for the government
Craig Johnson – Attorney for the defendant
Kyle Halgrimson – Defendant
Jennifer Garstka – US Probation
COURT REPORTER: Jennifer Stake
COURTROOM DEPUTY: Kristine Wrobel
TIME: 2:04 p.m. – 3:14 p.m.

# AUDIO OF THIS HEARING AT DKT. NO. 105

The court confirmed that the defendant and his lawyer consented to the court conducting the sentencing hearing by videoconference. The court concluded that it had the authority to conduct the sentencing by videoconference under the CARES Act and General Order 22-8 and found that any further delay could harm the interests of justice.

The defendant had pled guilty to Count One, sexual exploitation of a child.

The court listed the relevant sentencing documents and confirmed that defense counsel had reviewed those documents with the defendant and that the prosecutor had reviewed them.

The court explained to the defendant that the Sentencing Guidelines calculations were advisory, but that the law required the court to calculate them and then consider them along with the §3553 factors.

The court made the following findings as to the offense level(s):

<u>Count One</u>
Base offense level: 32, §2G2.2(a) for production of child pornography
    Objection(s): ☐ Yes  ☒ No
Enhancements: 2 level(s), §2G2.1(b)(1)(B) because the offense involved a minor who attained the age of 12 years but not attained the age of 16 years.
    Objection(s): ☐ Yes  ☒ No
Enhancements: 2 level(s), §2G2.1(b)(2)(A) because the offense involved the commission of a sex act or sexual contact.
    Objection(s): ☐ Yes  ☒ No

1

Enhancements: 2 level(s), §3A1.1(b)(1) because the defendant knew or should have known that the victim of the offense was a vulnerable victim. The defendant objected to this enhancement, arguing that he did not know that the victim had reduced cognitive functioning as a result of having Fragile X Syndrome. The government argued that there was evidence that the defendant knew of the victim's diagnosis because he had lived with the victim for a few years and because the victim's mother had told the defendant about the victim's diagnosis and condition. The government further argued that it would be obvious to any individual who spent a short time with the victim that the victim did not have the cognitive functioning of a normal fifteen-year-old. The court found by preponderance of the evidence that the defendant knew about the defendant's reduced cognitive functioning at the time of the offense and that the victim was vulnerable in ways other than his age. The court imposed the two-level increase.
  Objection(s): ☒ Yes ☐ No

Reductions: 3 level(s), §3E1.1(a) and (b) for the defendant's timely acceptance of responsibility.
  Objection(s): ☐ Yes ☒ No
Adjusted offense level: 35
  Objection(s): ☐ Yes ☒ No

The court made the following findings regarding the criminal history category:

Criminal history points: 5, yielding a criminal history category of III.
  Objections: ☐ Yes ☒ No

The court found that the adjusted offense level of 35 in criminal history category III resulted in an advisory sentencing range of 210-262 months, with a mandatory minimum of 180 months (fifteen years).
  Objections: ☐ Yes ☒ No

Joint recommended sentence: 180 months (fifteen years).

The victim's mother spoke to the court regarding the impact the offense had had on her.

The defendant spoke to the court on his own behalf.

Defendant's judgment request(s): The defendant be placed in a facility as close to the Eastern District of Wisconsin as possible. The defendant be placed in a facility which provides the Residential Drug Abuse Program.

The court imposed a sentence of: 180 months (fifteen years)
    Supervised Release: 5 years
    Special Assessment: $100.00 (The court found the defendant was indigent and did not impose the $5,000 special assessment under 18 U.S.C. §3014(a)(3).)
    Fine: Not imposed
    Restitution: None

The court imposed conditions of supervised release, which the judgment will reflect.

Defendant in custody: ☒ Yes ☐ No

The defendant had waived his right to appeal the sentence. The court explained that the defendant could appeal the sentence if he believed it to be unlawful.